■ WESTCHESTER COUNTY HEALTHCARE CORPORATION, Appellant, v COUNTY OF WESTCHESTER, Respondent. [796 NYS2d 129]—

In an action, inter alia, to recover for damage to property, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered February 5, 2004, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss those portions of the complaint asserting claims to recover for damages to the main hospital building and the Macy Pavilion.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, the duty owed by the defendant to it was not "completely extraneous to any duty or obligation" arising out of the landlord/tenant relationship created by the lease agreement (*Interested Underwriters at Lloyds v Ducor's, Inc.,* 103 AD2d 76, 77 [1984], *affd* 65 NY2d 647 [1985]), as the lease explicitly conferred upon the defendant the duty to supply the plaintiff with water. As such, the terms of the lease between the parties, including those involving waiver and release of claims, are applicable in this case (*cf. Interested Underwriters at Lloyds v Ducor's, Inc., supra*). The plaintiff waived its claims for the damages it sustained to its personal property. Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss those portions of the complaint asserting claims for damages to the main hospital building and the Macy Pavilion, as those buildings were subject to the lease between the parties. Schmidt, J.P., Adams, Luciano and Rivera, JJ., concur.